Good morning, Your Honors. May it please the Court, my name is Christina Flores, and I'm here on behalf of the petitioner, Goping Zhang, and this case involves a claim for asylum withholding of removal and torture convention relief. He was denied all relief by the immigration judge. He was affirmed. If you can keep your voice up, that would help me. Yes, thank you. He was denied all relief. It was affirmed by the Board. Essentially, it is the issue in this case is whether the harm that petitioner suffered was on account of a protected ground. I think it's key to note that the immigration judge did not make an adverse credibility determination in this case, that the petitioner suffered was on account of a protected ground, namely religious persecution and also a political opinion. And the reasons for that are essentially, Mr. Guo was arrested at a Christian gathering, more specifically at a Christian funeral. The evidence showed that they only arrested the people who were fierce in their protest or fierce in their resistance with respect to the police trying to implement a generally applicable rule regarding cremation versus burial in the ground, which the evidence indicated was not aimed at any particular religion. So why was that analysis incorrect? It is incorrect, Your Honor, because I believe that the police were adamant in trying to focus on a religious gathering. This was corroborated by the statement of the squad leader that later was remorseful and gave a statement indicating that they were going to a religious gathering for the, that it was essentially a ploy to enforce the cremation ordinance, which had only been in effect a couple of months, perhaps less. Do we have any evidence that tells us, one way or the other, whether the police employed this sort of force with respect to non-Christians in enforcing this ordinance? There's a fairly extreme, I mean, 15 to 20 people show up, forcibly remove the body. Do we know anything about whether they did this with respect to non-Christian burials? We have no evidence of that in the record. And we know that some of the police reports and so on refer to the illegal gathering rather than illegal burial, but illegal gathering. My question is, as to Barajas-Romero, the case decided after the BIA finished, does that help you? And if so, how? We got a 28-J letter on that case. Yes, we did, Your Honor. I believe, I believe it does help. And essentially because all of the firing notice, the statement by the police squad indicated that it was an illegal gathering at some point. Well, no, I'm after a different point, and I don't want to hide it. The standard for asylum is a central reason. The standard, after we get finished with Barajas-Romero, the standard is a reason. That is to say, the motivation with respect to withholding a removal need not be so strong. All you need is that the political, racial, religious reason motivating the authorities was a reason. It need not be a central reason. Yes. Do you read the case that way? Yes. Yes. In other words, asylum is harder to get. That's correct, Your Honor. But I believe in this particular case that the burden has been met. Because essentially in these illegal gathering cases, that is how it's categorized, as an illegal gathering, as a disturbance of the social order. And that's what happened in this particular case. All of the evidence turns to that. He's not charged with violating the ordinance. He's not charged with assault and assault. He's not charged with resisting arrest. He's charged with illegal gathering and disturbing the social order. Just on another topic, your client didn't pay the fine. Is that correct? They paid a portion of the fine, yes. But he didn't pay the entire fine based on principle, is what he said. That's correct. And he did file a formal protest to that. And so what's the state of our law if someone doesn't comply with a fine or an order by the police or the government and then will be arrested or thinks he may be arrested when he returns? I guess the first question is, is there evidence that he will be arrested for  this? I believe that's a part of the reason that he would be arrested if he were to return. Was there evidence that he would be arrested? I don't believe in terms of documentary evidence. There was testimony from the respondent that he had that fear. There was actually his mother's letter and also the letter from the squad leader that indicated that the police had plans to rearrest him. And that was the reason that he made the arrangements to leave the country as soon as possible. And was that due to his failure to pay the fine or for some other reason? I believe it was correlated to his involvement in Christianity because one of the conditions was that he was not to continue attending Christian gatherings in the future. He was forbidden from that. He testified to that. And other than his testimony, is there any documentary evidence to that effect? I don't believe there was in the... I believe that was essentially the evidence was his testimony that he was not to participate in the police bureau. The statement by the former police squad, he did indicate that he was not to attend any further gatherings. Yeah, we do have documents of that, I think. Yes, we do. And we do have characterization in the documents that you do have from the authorities characterizing it as an illegal gathering? Yes, and I think it's important that they list illegal gathering as the first charge. So what page are you on? Can I reserve the rest of the time and find the page, Your Honor? All right, there's two minutes left. We have the government and then you've got two minutes. Good morning, Your Honors. May it please the court and all you sit for the government. The government contends that the court should deny the petition for review because substantial evidence supports the agency's conclusion that petitioner did not establish that the harm he endured in China was on account of protected ground as it related to his claim for asylum and withholding of removal. Let me just start out with the question I asked the other side. Is the standard for withholding of removal that the religious motivation simply be a reason as distinct from a central reason? Yes, Your Honor, that per our 28-J letter. I would referring to that, that in those instances, the agency in this case indicated that the only reason the individual was targeted was based on his violation. Let's stick with the case law for a minute and then we'll get back to you. Oh, yeah, I am. Specifically, for Barajas Ramirez, I believe in addressing, I think, a similar, when it was discussing Zatino v. Holder in that case, indicated that there was no issue in terms of versus a central reason or a reason that whether that kind of distinction in terms of burden of proof in situations where the agency found that there was no nexus to a harm, to a protected ground at all. So here, similarly, there was no nexus to a protected ground. Okay, but I want to stick with Barajas still. Okay. That is to say, as I read Judge Kleinfeld, he says that there are two different standards for what the motivation is or the burden of proof. If it's asylum that's being sought, the petitioner has to show that the religious persecution was a central reason for withholding. It only has to be a reason, correct? Yes, Your Honor. And the IJ and the BIA did not have that case in front of them? No, they did not. And they applied a central reason as their standard, correct? They did. Yes. Should we remand for them to apply the appropriate law with respect to withholding? No, I do not believe remand is necessary. As I was saying earlier, in this case, the agency specifically said that petitioner's claim, protected grounds, was not the reason, it was not the basis for the mistreatment he endured. But they were applying, as I understand it, the A, central reason as the burden of proof that had to be borne, correct? They were applying that, but at the same time, they indicated it wasn't simply that there was, they didn't indicate that the, for example, this is similar to the mixed motive cases where there's a situation where there is a reason being a protected ground. And for either, I think the Zatino case is being targeted because of your family, but also being targeted because of a reason you're being targeted, because of a criminal activity. I'm on page AR389, Decision of Statement Obtaining a Guarantor Pending Trial, second paragraph, or first real textual paragraph. This Bureau is currently investigating the case of the illegal gathering. That strongly suggests that what they're after is, this is an illegal gathering, that is to say, the gathering itself was illegal. Now, it may be that they arrested only those people at the illegal gathering who were strenuously resisting their seizing the body, but it looks as though they were there because it was an illegal gathering. With respect to that, Your Honor, the, we have the term illegal gathering referenced here to what occurred, this burial service, this burial service. I believe that if you're looking at the record, is the illegal gathering here the fact that there was a intended burial service in contravention to the public, the government's law? And is that what they're referencing as the illegal gathering? Because they're saying, we're here investigating you in the case of the illegal gathering. Nowhere during the proceedings, either during the arresting, when they came to the funeral service, to any time where they actually referenced the individual's Christian faith. I understand we use, we've seen the term illegal gathering frequently in many cases regarding China and Christian issues. However, here we have a gathering in which there was, an illegal act was about to be performed, that being in contravention to the policy of burying the body as opposed to actually abiding by the, by the government, the government's law. Guo testified that he had to guarantee that he would not participate in any of the faithful gatherings. That's not reflected actually in the guarantee form, but the IJ didn't make an adverse credibility determination. So what do we do with his testimony where he says he wouldn't participate, he had a guarantee he wouldn't participate in any of the faithful gatherings? I would say that that might be evidence to support his claim, but I don't think that's sufficient evidence to compel reversal of the agency's finding. I think we have that, but we have a, as you discussed earlier in petitioner's time, that this is a law that was applied with a non-discriminatory intent. We have no indication that during the proceeding, during the, I guess the confusion and the arrest, that the Christian faith of the individuals was invoked by the government officials. Neither during the, during his interrogation was his Christian faith raised by the government officials. So we have that piece of evidence that you referenced. However, the record as a whole, I don't believe we had, the petitioner can demonstrate that it would compel reversal of the agency's finding. I'm reading from the BIA's decision. I'm on AR4. The fourth full paragraph. The BIA writes, I'll wait until you get to the page. Just tell me when you're there. Yes. Fourth full paragraph, the one that begins, we discern no reason. Yes, Your Honor. We discern no reason to disturb the IJ's decision to deny the respondent's application for asylum. The respondent did not sufficiently establish that harm he suffered was on account of a protected ground. And then in parenthesis, citing the one central reason. Then later, similarly, I don't see any indication that anywhere in his decision, the BIA applied the a reason standard for withholding. Your Honor, that is correct. They did not apply that. Based on. What strikes me then is how can we sustain the BIA on a ground it didn't reach when we have an intervening case that says that a reason is sufficient for withholding. There's evidence in here from which I think the BIA and the IJ could have found that there was a reason. I'm not inclined to find it myself, but I think the BIA and the IJ should be given an opportunity to apply the standard. Well, I believe, Your Honor, in that instance, the agency here could have said, yes, that you were targeted for the reason why you were targeted was your Christian faith, but it was not a central reason. Then that would absolutely be where the agreement. But here, the agency said, looked at the record and said that your Christian faith or your imputed political opinion based on the record we have was not why you were targeted. Not at all. That's that. That was so it doesn't mean that you're sliding off my question. I'm asking you, do we have any indication that the BIA applied the standard of a reason in determining that there was insufficient connection? We don't have that because it. That's what I wanted to hear, which is why I'm inclined to remand. So we currently I mean, the the all of our case law, the agency case law repeats. We didn't find that he was eligible for asylum. The petition was eligible for asylum. And since the standard for withholding is higher, it's more probable, but not therefore also not eligible for withholding. So would the the different standard in Barajas-Romero now overrule that line of cases and say there has to be a independent analysis of both asylum and withholding? I would I I'm unsure about that, but I will say that based on Barajas-Romero, there does need there is now a second step of a different set of analysis for asylum withholding. Normally, where we have the agency would say, because you did not meet the burden of proof for asylum, you therefore didn't meet your burden for withholding removal. Based on this court's current law, that that may require the agency to do an additional step of analysis regarding a reason in withholding. But I would say in this instance, I think just bringing back to the 28 J letter where in this in Barajas-Romero, the court approvingly cited to Zetino where it indicated that specifically, if you allow me to read, we drew no distinction between the one central reason phrased in the asylum statute and the reason phrase in the withholding statute, because there was no nexus at all between the fear of persecution and the protected grounds. How do we know that there was no nexus at all? Because the charging documents keep talking about illegal gathering without specifying the nature of the illegality. We also just know that the Chinese government frowns upon Christian gatherings, whether or not they're for the purposes of burial or not. We also know, because he's not been found incredible, that he was told he shouldn't go to Christian gatherings anymore. That suggests that there's enough ground for the BIA to find that there's ground for withholding. And we are repeatedly told that we're not supposed to make those decisions in the first instance, usually by the government. That determination, if it fits within a reason, should be made by the agency in the first instance. Yes, Your Honor. But I would say that the agency had this record as a whole. Even before Barras-Romero, the board and immigration judge would say there is evidence that the reason why you were targeted was such and such. However, it doesn't meet the central reason standard. Here, the agency simply said, the record does not show that you were targeted on account of your protected grounds. So it satisfies that distinction. And I guess, are there any further questions, Your Honors? I'm out of my time here. Thank you so much for your time. Thank you. You've got two minutes. Thank you. Your Honor, I don't have the specific page site to the, but it's very clear, though, that the reason that Mr. Goh was targeted in this particular case is because of his participation in an illegal gathering. It's in all of the documentary evidence that's corroborated. Well, I think the question is whether it was an illegal gathering because it was a group of people purporting to bury a body, or was it an illegal gathering because they were celebrating the Christian faith? I believe... There's not the evidence that says illegal gathering, and the only government effort was against the people who resisted and who were burying the body. So how is there enough to compel us to overturn the IJ that it was on the basis of religion? What specifically would you point to? Specifically, I'm pointing to the letter from the squad leader. It indicates that Mr. Goh was the victim of religious persecution, that they specifically went to the site of a religious funeral. Are you talking about the testimony where he said, we arrested people who were fierce in their resistance? I'm talking about the testimony, the letter from the squad leader. And what's the page number for that? But it is in the second and third paragraphs of the letter. Well, you don't have it right off the... I don't have it. Offhand. Additionally, the indication to him that he was not to participate in any faithful gatherings. Additionally, the police decision statement indicating that it was a case of an illegal gathering. Okay, now we're familiar with the record. All right, very good. All right, thank you. Both sides for their arguments. Goh versus Sessions now submitted for decision.
judges: W. Fletcher, Ikuta, Freudenthal